**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

~~FILED SCRANTON~~

ZECHARIAH BENJAMIN,          :
     Plaintiff          :
                          :          AUG - 8 2014
                          :          CIVIL NO. 3:13-CV-313
     v.          :
                          :          (JUDGE NEALON)
UNITED STATES OF AMERICA,          :          (MAGISTRATE JUDGE CARLSON)
     Defendant          :


## MEMORANDUM

On February 7, 2013, Plaintiff, Zechariah Benjamin, an inmate formerly[1]
confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart,
Pennsylvania, filed a pro se complaint pursuant to the Federal Torts Claim Act
("FTCA"), 28 U.S.C. § 2401, et seq., and 28 U.S.C. § 2675, et seq.  (Doc. 1).
Plaintiff alleges that in June of 2011, he suffered Salmonella poisoning at USP-
Canaan from eating chicken that was contaminated with salmonella bacteria.  (Id.)
On February 8, 2013, Magistrate Judge Martin C. Carlson issued an Order
appointing Joseph Barrett, Esquire to serve as mediator.  (Doc. 6).  Mediator
Barrett filed a Report of Mediator on December 2, 2013, in which it was reported
that the matter was settled and that the parties requested a 90-day dismissal order.
(Doc. 25).  On December 3, 2013, this Court issued an Order dismissing the case

--------

[1]Plaintiff is currently incarcerated at USP-Lee in Jonesville, Virginia.

without costs and without prejudice to the right of either party, upon good cause shown within ninety (90) days, to reinstate the action if settlement was not consummated. (Doc. 26).

On June 6, 2014, Plaintiff filed a letter alleging that he had not received his settlement money. (Doc. 29). Magistrate Judge Carlson issued an Order directing Defendant to respond. (Doc. 30). In its Response, Defendant asserts that it "submitted all appropriate forms to the Department of the Treasury Judgment Fund ["the Fund"] to begin processing Plaintiff's settlement proceeds"; however, the Fund offset the payment due to a financial obligation Plaintiff previously incurred. (Doc. 31, pp. 1-2). Defendant explains that the "Treasury Department, which is not a party to this case, has statutory authority to collect delinquent non-tax debts owed to the federal government by offsetting payments made by other federal agencies. (Id. at p. 2), citing 31 U.S.C. § 3716; 31 C.F.R. § 285.5(a)(1). Defendant states that the "Treasury Department confirmed an offset occurred in this case," but that the Fund will not release the exact nature of the offset. (Doc. 31, p. 3). Defendant asserts that it has no obligation to advise a settling plaintiff about a possible offset, and provides Plaintiff with a contact number to obtain additional information about the offset. (Id.).

On July 1, 2014, Magistrate Judge Carlson issued a Report and

2

Recommendation ("R&R") construing Plaintiff's letter as a request to reopen the case and enforce settlement, and recommending that the request be denied. (Doc. 32). No objections have been filed.[2] For the reasons set forth below, the R&R will be adopted, and Plaintiff's request to reopen the case will be denied.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only

---

[2]The R&R was originally sent to USP-Canaan, Plaintiff's former place of confinement. However, on July 17, 2014, the R&R was remailed to Plaintiff at USP-Lee. Accordingly, the time to file objections to the R&R was extended, but has now passed. See M.D. Pa. L.R. 72.3 (providing that a party may object to a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy thereof).

affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. <u>Cruz v. Chater</u>, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

**Discussion**

In the R&R, Magistrate Judge Carlson thoroughly discusses the Treasury Offset Program ("TOP") and cites an abundance of case law that supports the TOP's ability to collect payment against a debtor to satisfy outstanding debts. (Doc. 32, pp. 4-7). The Magistrate Judge explains that the due process protections that apply to the TOP do not require specific advance notice from the United States that the proceeds obtained in a plaintiff's litigation against it may at some later date be subject to a Treasury offset. (<u>Id.</u> at pp. 7-8). Magistrate Judge Carlson concludes that Plaintiff's request to reopen, which seeks to challenge this offset in the context of his settlement agreement fails as a matter of law, and should be denied. (<u>Id.</u> at pp. 9-12) (offering nine (9) reasons to deny the request). The Magistrate Judge finds that "to the extent that the plaintiff is aggrieved by the

4

application of a Treasury offset to his settlement funds, his relief lies through administrative proceedings or separate litigation challenging that offset decision." (Id. at p. 12).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted.  Plaintiff's request to reopen and enforce settlement will be denied.

A separate Order will be issued.

Date: August 8, 2014

_____
**United States District Judge**

**FILED
SCRANTON**

AUG - 8 2014

PER_____
DEPUTY CLERK

5